**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

JELLISA MARRERO, )
                          )
           Plaintiff, )
                          )
         v. )          C.A. No. N14C-08-104
                          )
STATE FARM FIRE AND )
CASUALTY COMPANY, )
                          )
          Defendant. )

## ORDER

**AND NOW TO WIT,** this 14th day of September, 2015, upon consideration of Defendant's Motion to Dismiss pursuant to Delaware Superior Court Civil Rules 12(b)(1) and 12(b)(6); Plaintiff's Response to Defendant's Motion to Dismiss; Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss; Defendant's Supplemental Brief in Support of its Motion to Dismiss; and Plaintiff's Supplemental Brief in Response to Defendant's Motion to Dismiss, **IT APPEARS THAT:**

1. On June 25, 2013, Plaintiff Jellisa Marrero ("Plaintiff") was involved in a motor vehicle collision with an uninsured driver.[1] At the time of the accident, Plaintiff was insured under an automobile insurance policy (the "Policy") with Defendant State Farm Fire and Casualty Company ("State Farm"). The Policy

---

[1] Compl. (Trans. ID. 55891754).

includes uninsured/underinsured motorist coverage pursuant to 18 *Del. C.* § 3902.[2]

Plaintiff submitted her personal injury protection ("PIP") application and medical authorization forms to State Farm.[3] State Farm began paying Plaintiff's medical expenses pursuant to 21 *Del. C.* § 2118, until September 2, 2014, when the $15,000.00 PIP limits exhausted.[4]

2. On July 29, 2014, State Farm sent a demand letter to Plaintiff demanding that Plaintiff submit to an examination under oath ("EUO").[5] The letter stated, "[t]he purpose of the examination under oath is to investigate, in detail, the claim and the facts and circumstances surrounding the alleged loss."[6]

3. On August 8, 2014, in response to this demand, Plaintiff's counsel sent a letter to State Farm stating that Plaintiff would not submit to an EUO and would instead file a lawsuit against State Farm for uninsured motorist benefits.[7] In that letter, Plaintiff's counsel asserted that, "State Farm is using these examinations under oath in an offensive and potentially discriminatory way . . . ."[8]

4. On August 14, 2014, Plaintiff filed the underlying complaint seeking uninsured motorist ("UM") benefits under the Policy. Plaintiff alleges "[t]hat

---

[2] *Id.* ¶ 6.
[3] Plaintiff's Response to Defendant's Motion to Dismiss ¶ 3 ("Pl.'s Resp.") (Trans. ID. 56520307).
[4] *Id.*
[5] Defendant's Motion to Dismiss Ex. C ("Mot. Dismiss") (Trans. ID. 56360563).
[6] *Id.* Ex. C.
[7] *Id.* Ex. D.
[8] *Id.* Ex. D.

pursuant to [State Farm's] policy of insurance with the Plaintiff, [State Farm] stands in the shoes of the tortfeasor, and is contractually and statutorily liable to Plaintiff for the tortfeasor's negligence and Plaintiff's injuries and damages."[9]

5.  Pursuant to Superior Court Rule 12(b), if "matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Both Plaintiff and State Farm assert that this motion must be treated as one for summary judgment because State Farm attached to its Motion to Dismiss a copy of the Policy, State Farm's EUO demand letter, and Plaintiff's letter refusing to submit to an EUO. Because the Court has considered matters outside the pleading, it is treating State Farm's motion as one for summary judgment.[10]

6.  On a motion for summary judgment, the Court views all facts in a light most favorable to the non-moving party and determines whether a genuine issue of material fact exists.[11] The Court will grant summary judgment only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[12] If the record reveals that material facts are in dispute, or if the

---

[9] Compl. ¶ 7.

[10] The Court provided the parties notice of its intent to convert the motion into a Rule 56 Motion for Summary Judgment and provided the parties an opportunity to submit any additional pertinent material. (Trans. ID. 57729148).

[11] *Storm v. NSL Rockland Place LLC*, 898 A.2d 874, 879 (Del. Super. 2005).

[12] *J.L. v. Barnes*, 33 A.3d 902, 911 (Del. Super. 2011); *Storm*, 898 A.2d at 879.

factual record has not been developed thoroughly enough to allow the Court to apply the law to the facts of the case, then summary judgment must be denied.[13]

7. State Farm argues that it is entitled to summary judgment because there is no dispute that Plaintiff refused to submit to an EUO and an EUO is a condition precedent to State Farm's contractual obligation to pay UM benefits. In opposition, Plaintiff argues that she is statutorily and contractually entitled to UM converge under 18 *Del. C.* § 3902(a), and Plaintiff's refusal to submit to the EUO was justified because State Farm is using the EUO as an attempt to disclaim UM benefits.

8. Delaware Courts have held that before an insurer is required to make payments on a claim, the insured must comply with all statutory obligations, as well as all contractual conditions set forth in the policy. For example, in *Shaw v. Nationwide Insurance*, the plaintiff brought a breach of contract claim against Nationwide Insurance for failure to pay PIP benefits under an automobile policy.[14] In addition to statutory obligations under Delaware's PIP statute, the Court held that the insured must also comply with all contractual conditions set forth in the policy such as the requirement that "the insured [] submit written proof of the

---

[13] *Barnes*, 33 A.3d at 911–12 (citing *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del.1962)).
[14] *Shaw v. Nationwide Ins.*, 2011 WL 6402200, at *5 (Del. Super. 2011) *aff'd sub nom. Shaw v. Nationwide Ins. Co.*, 49 A.3d 1194 (Del. 2012).

claim, as well as authorization to obtain 'medical reports, copies of records, and loss of earnings information.'"[15]

9. In *State Farm Fire & Casualty Company v. Purcell*, the plaintiff was insured under an insurance policy with State Farm Fire & Casualty Company, and one of the conditions of the policy was that the parties were to submit to an EUO.[16] State Farm denied coverage because the plaintiff refused to submit to an EUO.[17] The Court stated:

> An insurance policy contract includes an implied covenant of good faith and fair dealing, which parties are liable for breaching "when their conduct frustrates the overarching purpose of the contract by taking advantage of their position to control implementation of the agreement's terms" This covenant includes a duty to promptly investigate and pay claims. On the other hand, an insured must also comply with the conditions precedent set forth in the policy by the insurer in order to establish contractual liability for breach of contract.[18]

10. In the present case, the Policy includes underinsured/uninsured motorist coverage.[19] "[A]n action by an insured against his automobile insurance carrier to recover uninsured motorist benefits essentially sounds in contract rather than in

---

[15] *Id.*
[16] *State Farm Fire & Cas. Co. v. Purcell*, 2013 WL 3354578, at *1 (Del. Super. 2013).
[17] *Id.* at *2.
[18] *Id.*
[19] Compl. ¶ 6.

5

tort."[20] Thus, the issue before the Court is whether State Farm is contractually obligated at this time to pay UM benefits.

11. Similar to *Shaw* and *Purcell*, before State Farm is required to pay UM benefits under the Policy, Plaintiff must comply with all statutory obligations as well as all contractual conditions set forth in the Policy. The Policy provides that any person making a claim or seeking payment under Uninsured Motor Vehicle Coverage "must . . . submit to an examination under oath, provide a statement under oath, or do both, as reasonably often as we require."[21] This requirement that the insured submit to an EUO is contained in the same portion of the Policy as other recognized condition precedents such as providing notice of a claim or lawsuit and submitting written authorization to obtain medical bills, medical records, and wage earnings and loss information.[22]

12. There is no dispute that State Farm has not yet denied coverage to Plaintiff and there is no dispute that Plaintiff refused to submit to an EUO.[23] Plaintiff's counsel sent a letter to State Farm stating, "[p]lease be advised that my client will not appear at this examination under oath because I will be filing suit in

---

[20] *Rapposelli v. State Farm Mut. Auto. Ins. Co.*, 988 A.2d 425, 427 (Del. 2010), *as corrected* (Feb. 5, 2010). In *Rapposelli*, the Delaware Supreme Court also explained, "tort law applies to proceedings that result from the accident, and contract law governs only those aspects of the underinsured motorist claim that are not controlled by the resolution of facts arising from the accident." *Id.* at 428–29.

[21] *See* Mot. Dismiss Ex. B, at 25.

[22] *Id.* Ex. B, at 24–26.

[23] Pl.'s Resp. ¶¶ 4–5; Mot. Dismiss. Ex. D.

this matter."[24]  The letter also states that Plaintiff is "simply preferring to file her UM lawsuit and [State Farm] can have her deposition taken in conjunction with that."[25]

13.  Plaintiff has failed to submit to an EUO, a condition set forth in the Policy, and therefore, State Farm is not yet contractually obligated to pay UM benefits.

**NOW THEREFORE,** Defendant's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge

---

[24] Mot. Dismiss. Ex. D.
[25] *Id.*