# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT OVENS, | § | |
| | § | No. 123, 2016 |
| Appellee-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. S15A-07-006 |
| CARL DANBERG, Commissioner, | § | |
| Department of Correction; G.R. | § | |
| JOHNSON, Warden, Sussex | § | |
| Correctional Institution, | § | |
| | § | |
| Appellants-Below, | § | |
| Appellees. | § | |

Submitted: October 13, 2016
Decided: October 19, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices, constituting the Court *en Banc*.

Upon appeal from the Superior Court. **AFFIRMED**.

Neilson Himelein, Esquire (*Argued*), Community Legal Aid Society, Inc., Wilmington, Delaware for Appellant.

Stacy Cohee, Esquire (*Argued*), Delaware Department of Justice, Wilmington, Delaware for Appellees.

Richard H. Morse, Esquire, American Civil Liberties Union of Delaware, Wilmington, Delaware, *Amicus Curiae* for the American Civil Liberties Union Foundation of Delaware.

**STRINE**, Chief Justice:

# I.  INTRODUCTION

Section 4504(a) of Title 6 of the Delaware Code, also known as the Delaware Equal Accommodations Law ("Equal Accommodations Law"), prohibits any "place of public accommodation" from denying accommodations, facilities, advantages or privileges provided thereby to a person on the basis of her disability.[1]  Robert Ovens appeals from the Superior Court's reversal of the Delaware Human Relations Commission's award of damages, attorney's fees, and costs to Ovens based on the Commission's determination that a prison is a place of public accommodation.  The Commission found that the Department of Correction ("DOC"), through its operation of Sussex Correctional Institution ("SCI"), violated § 4504(a) by not providing equal accommodations to Ovens, who is deaf, while he was incarcerated.[2]  The Superior Court reversed, concluding that a prison is not a place of public accommodation under the Equal Accommodations Law.[3]

This appeal raises the singular issue of whether a prison is a place of public accommodation for purposes of the Equal Accommodations Law.  We conclude that it is not.  Ovens' argument hinges on his assertion that a prison is a state agency, and therefore, it falls under the second sentence of § 4502(14), which includes state agencies, local government agencies, and state-funded agencies in

---

[1] 6 *Del. C.* § 4504(a).
[2] App. to Opening Br. at 139-43.
[3] *See Danberg v. Ovens*, 2016 WL 626476, at *3 (Del. Super. Feb. 15, 2016).

the definition of a place of public accommodation. But, he ignores that the second sentence of § 4502(14) cannot be decoupled from the critical language in the first.

Under the language of § 4502(14), a "place of public accommodation," is defined as "any establishment which caters to or offers goods or services or facilities to, or solicits patronage from, the general public. This definition includes state agencies, local government agencies, and state-funded agencies performing public functions."[4] The second sentence of § 4502(14) incorporating state agencies into the definition of a public accommodation merely clarifies that if a state agency conducts operations that fall within the first sentence—catering to, offering goods, services, or facilities to, or soliciting patronage from the public—then that state agency is a place of public accommodation under the Equal Accommodations Law. A prison does not meet this core definition. Therefore, as the Superior Court properly held, a prison such as SCI is not a place of public accommodation under the Equal Accommodations Law. Accordingly, we affirm.

## II.    BACKGROUND AND PROCEDURAL HISTORY[5]

Robert Ovens is deaf, and therefore, Ovens communicates primarily through American Sign Language and requires special accommodations, such as a text telephone device when making telephone calls. Ovens was incarcerated at SCI three separate times between May 12, 2010 and May 13, 2013. In late 2010,

---

[4] 6 *Del. C.* § 4502(14).
[5] The background information is taken from the record provided by the parties.

Ovens filed a complaint with the Commission alleging that he was denied equal accommodations at SCI because of his deafness in violation of § 4504(a). Specifically, Ovens alleged that the DOC and Warden G.R. Johnson did not accommodate his deafness when they either denied, or provided him only restricted access to, the use of the text telephone device to make telephone calls. Ovens contended that he was required to request permission to use the text telephone by submitting a counselor's slip, while other inmates had free access to the telephones during their recreational periods. Additionally, Ovens alleged that the DOC and Warden Johnson did not accommodate his deafness when they failed to provide him with an interpreter for his anger management and substance abuse classes, and for his classification meetings.

The Commission dismissed Ovens' complaint on grounds that it did not have subject matter jurisdiction, without further explanation.[6] Ovens appealed the dismissal to the Superior Court, which remanded the matter on October 26, 2011, instructing the Commission to articulate its basis for dismissing the complaint on jurisdictional grounds. On remand, the parties contested the jurisdictional issue, with the DOC and Warden Johnson moving to dismiss the complaint, arguing that SCI is not a place of public accommodation under the Equal Accommodations

---

[6] App. to Opening Br. at 91.

Law and the Commission lacked jurisdiction to hear the claims. The Commission took the Motion to Dismiss under advisement while it conducted a hearing.

After the hearing on the jurisdictional issue, but before the Commission issued its ruling, the Superior Court issued its opinion in *Short v. State of Delaware*, in which it held that a prison is not a place of public accommodation under § 4502(14) because "[a] correction facility clearly does not fit within the statutory definition of a place of public accommodation. Correction facilities are designed specifically so that those people housed inside remain inside, and so those people outside of them are unable to gain access."[7] *Short* involved a transgender inmate at Baylor Women's Correctional Institution who petitioned for a name change to reflect the male identity the inmate embraced.[8] The parties provided supplemental briefing to the Commission on the applicability of *Short* to Ovens' claims.

The Commission issued its Panel Decision and Order on December 16, 2014, concluding that, contrary to the Superior Court's ruling in *Short*, a prison was a place of public accommodation.[9] The Commission dismissed the Court's rationale in *Short*, explaining that the Court's "legal conclusion is not based upon a full and in-depth analysis of the issue," and that it was not conclusive authority

---

[7] 2014 WL 11048190, *5 (Del. Super. Aug. 5, 2014).
[8] *Id.* at *1.
[9] App. to Opening Br. at 89-148.

4

because the decision was pending appeal.[10] Additionally, the Commission determined by a two to one vote that the DOC and Warden Johnson violated 6 *Del. C.* § 4504(a). The majority found that the Equal Accommodations Law was violated because Ovens had to wait additional periods of time to use the text telephone, and the DOC failed to provide him with an interpreter for his educational programs and his classification review.[11] The dissenting Commission member concluded that the Commission did not have subject matter jurisdiction over Ovens' complaint because a prison is not a place of public accommodation.[12]

The Superior Court reversed the Commission's decision, finding that the Commission erred in declining to follow the *Short* decision because it was "the leading authority on the issue," and "there was no urgent reason or clear manifestation of error to justify the Commission revisiting an issue already decided by the Delaware Superior Court."[13] This appeal followed.

## III. ANALYSIS

We review questions of law, including the interpretation of statutes, *de novo*.[14] On appeal we address whether a prison constitutes a place of public

---

[10] App. to Opening Br. at 141; *see Ovens*, WL 626476, at *3.
[11] App. to Opening Br. at 141-43. The Commission awarded Ovens $25,000, imposed a civil penalty of $2,500, awarded attorney's fees of $29,088, and costs of $1,315 to be paid to the Community Legal Aid Society, Inc.
[12] *See* App. to Opening Br. at 149-51.
[13] *Ovens*, 2016 WL 626476 at *3.
[14] *Rapposelli v. State Farm Mut. Auto. Ins. Co.*, 988 A.2d 425, 427 (Del. 2010).

accommodation as a matter of law under the language of Delaware's Equal Accommodations Law. If we find that it is not, we need go no further.

In deciding the question before us, we apply settled principles of statutory interpretation. They require that we give effect to the plain language of an unambiguous statute.[15]

Section 4504(a) provides, in pertinent part:

> No person being the . . . manager, director, supervisor, superintendent, agent or employee of any place of public accommodation, shall directly or indirectly refuse, withhold from or deny to any person, on the account of . . . disability . . . any of the accommodation, facilities, advantages or privileges thereof.[16]

Section 4502(14) defines a place of public accommodation as "any establishment which caters to or offers goods or services or facilities to, or solicits patronage from, the general public. This definition includes state agencies, local government agencies, and state-funded agencies performing public functions."[17]

On appeal, Ovens argues that the Superior Court erred in finding that SCI was not a place of public accommodation. Ovens bases his argument on the second sentence of § 4502(14), which says that the "definition" of a public accommodation "includes state agencies, local government agencies, and state-funded agencies."[18] Ovens focuses exclusively on this sentence, asserting that

---

[15] *See Hazout v. Tsang Mun Ting*, 134 A.3d 274, 278 (Del. 2016).
[16] 6 *Del. C.* § 4504(a).
[17] 6 *Del. C.* § 4502(14).
[18] *Id.*

because the DOC is a state agency that operates SCI, then it automatically constitutes a place of public accommodation under § 4502(14).[19]

But, Ovens' interpretation of the statute ignores the key language defining what a public accommodation is. The core language of § 4502(14) provides that every public accommodation must be a place that "caters to or offers goods or services or facilities to, or solicits patronage from, the general public."[20] Thus, it is improper to decouple the latter sentence of § 4502(14), which includes state agencies, local government agencies, and state-funded agencies under the Equal Accommodations Law, from the core definition of a public accommodation.

The second sentence of § 4502(14) referring to state agencies simply makes clear that if a state agency conducts operations that fall within the first sentence—specifically, catering to or offering goods or services or facilities to, or soliciting

---

[19] Ovens argues that prisons are "public entities" covered under § 2000a of Title 42 of the Americans with Disabilities Act ("ADA"), and therefore, are places of public accommodation under § 4502(14) of Delaware's Equal Accommodations Law. But, the Equal Accommodations Law is written much differently than the ADA. Under the ADA, a "public accommodation" is defined broadly as a facility, operated by a private entity, whose operations affect commerce and fall within one of the enumerated categories listed in 42 U.S.C. § 12181(7). More importantly, the ADA covers public entities, such as state agencies, regardless of whether they are included in the definition of public accommodation. *See* 42 U.S.C. § 12132. The ADA is divided into three separate titles: Title I, covering employment; Title II, covering public entities, and; Title III, covering public accommodations, all of which are prohibited from discriminating on the basis of disability. The Equal Accommodations Law does not cover public entities broadly like the ADA, but rather, at its core § 4502(14) provides that places of public accommodation cannot discriminate, and a state agency is not a public accommodation unless it "caters to or offers goods or services or facilities to, or solicits patronage from, the general public." Thus, whether or not prisons constitute a "public entity" under the ADA using a different definition, does not make prisons a "place of accommodation" under the Equal Accommodations Law.

[20] 6 *Del. C.* § 4502(14).

7

patronage from, the general public—then that state agency is covered by the Equal Accommodations Law. For example, this could include state funded agencies such as the Delaware Division of Parks and Recreation, which operates State parks that provide services and rent out picnic pavilions and campsites, or the Delaware Division of the Arts, which operates public museums like the Biggs Museum of American Art.

A prison like SCI is inherently different from a park or museum, in that a prison is not designed to solicit or cater to the general public for its entertainment and recreational enjoyment. Despite that the DOC may be a state agency, the purpose of the DOC is not to provide inmate services and goods to the public, but rather, "to provide for the treatment, rehabilitation, and restoration of offenders as useful, law-abiding citizens within the community."[21] SCI does not "cater[ ] to or offer[ ] goods or services or facilities to, or solicit[ ] patronage from, the general public," as required under the plain language of § 4502(14),[22] and thus, does not constitute a place of public accommodation for purposes of the Equal Accommodations Law.[23]

---

[21] 11 *Del. C.* § 6502(a).

[22] 6 *Del. C.* § 4502(14).

[23] As both parties made clear at oral argument, Ovens may have had a viable cause of action under either 42 U.S.C. § 12132 of the ADA or under 42 U.S.C. § 1983, but did not seek relief under those statutes. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998) (holding the ADA "unmistakably includes State prisons and prisoners within its coverage"). Both parties also discussed the reality that the DOC now has in place policies designed to meet its obligations under the ADA as to hearing-impaired inmates. App. to Ans. Br. at 40-46.

Ovens also argues that SCI is a place of public accommodation because it provides goods and services to the general public, including state agencies, schools, and non-profits. To the extent Ovens can argue that the DOC engages in certain activities that qualify as "offering goods or services" under the statute, the only persons able to make a claim under the Equal Accommodations Law are those to whom the services are provided, namely, the consumer agencies, schools, and non-profit organizations.[24] That is, even if we accepted Ovens' argument that the DOC provided goods and services to the public in accordance with § 4502(14), Ovens' claim would fail for lack of standing because he does not fall within the protected class of individuals to whom the prison-made goods or services are being offered, or from whom the DOC solicits patronage.

Given this Court's determination that SCI is not a place of public accommodation under § 4502(14), we need not address the merits of Ovens' claim that he was denied equal accommodations in violation of § 4504(a).

## IV.  CONCLUSION

For the foregoing reasons, the Superior Court's judgment is AFFIRMED.

---

[24] To succeed on a claim of unlawful discrimination, the plaintiff must establish three elements: "(a) that the plaintiff is a member of a protected class, (b) that the plaintiff was denied access to a public accommodation, and (c) that persons who were not members of the protected class were treated more favorably." *Boggerty v. Stewart*, 14 A.3d 542, 550 (Del. 2011).