# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES E. BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N24C-09-033 DJB |
| STATE FARM MUTUAL AUTOMBILE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted:  January 13, 2025
Date Decided:  April 2, 2025

## ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS

On this 2nd day of April, 2025, upon consideration of Defendant State Farm's Motion to Dismiss,[1] Plaintiff's Response in Opposition,[2] Defendant's Reply,[3] arguments of counsel[4] and the record in this case, it appears to the Court that:

---

[1] *Berry v. State Farm Mutual Auto. Mob. Co.*, N24-09-033 DJB, Docket Item (hereinafter "D.I.") 4, Defendant's Motion to Dismiss.
[2] Plaintiff's Response, D.I. 8.
[3] Defendant's Reply Brf., D.I. 12.
[4] D.I. 14.

1. On December 6, 2021, Plaintiff, a Maryland resident, was rear ended by the tortfeasor, Neenyi Arkurst, in New Castle County, Delaware.[5] The tortfeasor was insured by Nationwide Insurance Company, who ultimately tendered policy limits of $25,000 to Plaintiff for his injuries.[6]

2. At the time of the collision, Plaintiff held an insurance policy with Defendant State Farm Mutual Insurance Company (hereinafter "State Farm") in the State of Maryland, which included underinsured motorist (hereinafter "UIM") coverage.[7] On September 5, 2024, after receiving the policy maximum from the tortfeasor, Plaintiff filed his Complaint seeking UIM benefits for the outstanding damages from Defendant. Plaintiff's Complaint seeks UIM benefits, alleging State Farm "stands in the shoes of the tortfeasor and is contractually and statutorily liable pursuant to 18 *Del. C* § 3902."[8]

3. In lieu of an Answer, Defendant moved to dismiss on October 14, 2024, challenging this Court's jurisdiction over Plaintiff's Complaint.[9] Defendant submits Delaware does not have general jurisdiction over State Farm, which is a foreign corporation not domiciled in Delaware. State Farm argues it cannot be subject to

---

[5] Plaintiff's Complaint ("Compl."), at ¶¶ 4, 5.
[6] *Id.* at ¶ 7.
[7] *Id.* at ¶¶ 2, 6.
[8] *Id.* at ¶ 8.
[9] D.I. 4.

either general or specific jurisdiction in Delaware, relying on *Eaton v. Allstate Prop. and Cas. Ins. Co.*[10] for support.

4. Plaintiff responded in opposition on November 4, 2024.[11] Plaintiff argues State Farm's policy subjects it to jurisdiction outside of the State of Maryland, as it provides coverage for all "accidents and losses that occur in the United States of America and its territories."[12] Plaintiff argues the long-arm statute allows for jurisdiction over State Farm under these circumstances without violating State Farm's due process rights. Plaintiff argues jurisdiction lies where the tortious injury occurred, as this is a UIM claim and the UIM provider stands in the shoes of the tortfeasor.[13] State Farm submitted its Reply on November 18, 2024.[14] Oral argument occurred on January 13, 2025.[15] The matter is now ripe for decision.

5. On a motion to dismiss for lack of personal jurisdiction, it is incumbent on the plaintiff to establish the basis for the court's exercise of personal jurisdiction over their named non-resident defendant.[16] The plaintiff must make out a *prima facie* case of jurisdiction, and the factual record "is read in the light most favorable

---

[10] 2021 WL 3662541 (Del. Super. April 28, 2021).
[11] D.I. 8.
[12] *Id*. at ¶ 3.
[13] *Id*. at ¶ 6-7.
[14] D.I. 12.
[15] D.I. 14.
[16] Superior Court Civ. R. 12(b)(2); *see also Eaton v. Allstate Property & Casualty Ins. Co.*, 2021 WL 3662451, at *1.

to the plaintiff [with] all reasonable inferences [ ] drawn in his favor."[17]  The court may consider both the pleadings and any additional affidavits, exhibits or discovery in the record as it exists at the time of the motion.[18]

6.        All parties agree that the *Eaton* case is directly on point.  In *Eaton*, the Court was faced with a jurisdictional challenge when a collision occurred in Delaware, but the plaintiff, a North Carolina resident, sought UIM coverage from Allstate, an Illinois corporation.  *Eaton* considered whether Allstate could be subject to the jurisdiction of Delaware courts under both a general and specific jurisdiction analysis.    *Eaton* found that because Allstate did not have "continuous and systematic" contact with Delaware, as their only contacts were doing business in the state, general jurisdiction could not be conferred.[19]  *Eaton* then considered a specific jurisdiction analysis and evaluated whether the case arose "out of or relate[d] to the defendant's contact with the forum [state]."[20]  In applying the two-pronged test to make such a determination, looking at the long-arm statute as well as engaging in a due process consideration, *Eaton* held that Allstate did not engage in conduct within the forum state to invoke the long-arm statute.

---

[17] *Eaton*, 2021 WL 3662451, at *1.
[18] *Id.*
[19] *Id.*
[20] *Id.*

7.     In so ruling, *Eaton* found it immaterial that the tortious conduct occurred within Delaware and similarly found it immaterial that in a UIM claim, the insurer steps into the shoes of the tortfeasor.[21]  Instead, *Eaton* held that the alleged failure to pay UIM benefits, as alleged, surmounts to a breach of contract action. *Eaton* reasoned:

> "[i]n order to resolve the issues raised in this case, there would be no need to assess who is responsible for the underlying accident.  Rather, it would only be necessary to review Allstate's duty to perform under Plaintiff's insurance policy.  That duty stems from an insurance contract that has no germane connection to Delaware.  Allstate's purported contractual obligation to pay Plaintiff, when the tortfeasor is unavailable or unable to pay, arises in the forum where the contact was negotiated and executed…[22]

8.     The same analysis and conclusion apply here.  Plaintiff is a Maryland resident seeking to enforce a policy with State Farm, a foreign corporation.  Like *Eaton*, here nothing about Plaintiff's UIM claim relates to Delaware other than the underlying tortious conduct.[23]

9.     Plaintiff challenges the *Eaton* ruling, alleging the decision "incorrectly applied" prior case law "including the Delaware Supreme Court's decision in *Uribe*," because UIM claims, by nature, are triggered when a tort occurs, not by the creation of a contract.[24]  In requesting this Court now reconsider *Eaton*'s ruling,

---

[21] *Id.* at *2.
[22] *Id.* at *3.
[23] *Eaton*, 2021 WL 3662451, at *3.
[24] D.I. 8.

Plaintiff requests the Court to treat an insurance contract like a product placed into the stream of commerce, similar to "good" under the Uniform Commercial Code, to confer specific jurisdiction in Delaware.[25] While creative, that comparison is not persuasive. Delaware law interprets UIM claims as contractually based, and not as based in tort. *Eaton*'s reasoning and ruling is supported by Delaware case law; its precedential value remains and controls here.[26] While the UIM carrier's obligation to Plaintiff is inherently defined by the tortfeasor, that obligation exists only to make the Plaintiff whole if the tortfeasor is unable to do so. When the contract itself has no connection to Delaware, such as here, Delaware does not have personal jurisdiction over the UIM claim.[27]

10. While tortious conduct is the impetus to any UIM claim, Delaware law establishes that UIM claims sound in contract law, not in tort. The causal link between a tort occurring and bringing a UIM claim does not automatically allow this Court to exercise jurisdiction when no other connection to Delaware exists.

---

[25] *Id.*

[26] *Rapposelli v. State Farm Auto. Ins. Co.*, 988 A.2d 425, 428 (Del. 2010) ("An action by an insured against his automobile insurance carrier to recover uninsured motorist benefits essentially sounds in contract rather than in tort").

[27] *Eaton*, 2021 WL 3662451, at *3; *see also Rosado v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 3887880 (Del. Super.) (finding Plaintiff's UIM claim lacked jurisdiction in Delaware because it stems from an insurance policy with no connection to the forum state).

13.  Therefore, Defendant's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

cc:     All parties via File&Serve Express