IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DIANE PURCELL, | § | |
| | § | No. 515, 2017 |
| Appellee Below-Appellant, | § | |
| | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE FARM FIRE AND CASUALTY CO., | § | C.A. No. N12C-02-178 |
| | § | |
| | § | |
| Appellant Below-Appellee. | § | |
| | § | |

Submitted: May 11, 2018
Decided: August 9, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) This matter is before the Court after remand.[1] We reverse the Superior Court's dismissal for failure to prosecute, and remand the case for a trial *de novo* on Diane Purcell's property damage claim and State Farm's coverage defenses.

(2) The Purcells had a fire at their home in April 2010, which damaged the house and contents. Unable to resolve their contents claim with State Farm, the Purcells filed a request for arbitration with the Delaware Department of Insurance.

---

[1] *Purcell v. State Farm Fire & Casualty Co.*, 2016 WL 7228852 (Del. Dec. 13, 2016).

State Farm appeared at the arbitration, but only to raise its claim that the Purcells had failed to comply with the cooperation provisions of the insurance policy. Under the arbitration statute, 18 *Del. C.* § 331(a), coverage issues are not subject to arbitration. State Farm did not defend against the amount requested by the Purcells, and the arbitrators issued an award for the full amount requested—$171,255.

(3)    Appeals from the arbitration award must be filed within ninety days of the award.[2] Even though the statute speaks in terms of an appeal, the party filing an appeal is entitled to a "trial de novo" in the Superior Court.[3] State Farm filed a timely Superior Court appeal from the arbitration award, claiming that it was not required to provide coverage because the Purcells breached the cooperation provisions of the insurance policy. The Purcells responded by filing a "complaint on appeal" in the same civil action. The complaint on appeal alleged breach of contract, bad faith, and other claims. The Purcells also sought a declaratory judgment that the arbitration decision on the personal property claim was binding on State Farm because State Farm had refused to participate in the arbitration of that issue.

(4)    In November 2012, State Farm moved for summary judgment, alleging that the Purcells refused to submit to an Examination Under Oath ("EUO), which

---

[2] 18 *Del. C.* § 331(d).
[3] *Id.*

2

was a condition precedent to coverage under the policy. The Purcells responded by asserting that State Farm had waived its right to demand an EUO by waiting more than a year and a half after the fire, and only until after Purcell demanded arbitration, before requesting an EUO. The Purcells also asserted that Diane Purcell already had engaged in a lengthy recorded interview with a State Farm representative in November 2010 and that she had not refused to submit to an EUO but had only sought to establish reasonable conditions. The Superior Court denied State Farm's motion for summary judgment in April 2013 because there were disputed issues of fact.[4]

(5)     After the Purcells successfully moved to amend the complaint, the Superior Court held a pretrial hearing in October 2014. The Superior Court Civil Proceeding Sheet, which was docketed following the pretrial hearing, shows that the trial date set in November 2014 was to be continued. The sheet also reflects that "Counsel for the plaintiffs will give defense counsel a more complete list of items that were damaged. Once that is done, Counsel will attempt to engage in the mediation process again."[5]

(6)     On January 12, 2015, the Superior Court ordered that State Farm's appeal from the arbitration decision and Purcell's complaint on appeal against State

---

[4] *State Farm Fire & Casualty Co. v. Purcell*, 2013 WL 3354578 (Del. Super. Apr. 29, 2013).
[5] Superior Court Civil Proceeding Sheet, *State Farm v. Purcell*, C.A. No. N12C-02-178 (Del. Super. Oct. 23, 2014) (Docket item 93).

Farm would be tried separately, and State Farm's appeal would be addressed first. The Superior Court further ordered that Purcell's declaratory judgment count would be dismissed as a separate count to the complaint on appeal and instead would be adjudicated as a defense to State Farm's appeal. On January 20, 2015, Purcell's counsel filed a motion to withdraw, which the Superior Court granted on January 29, 2015.

(7) Nothing further happened in the case until State Farm's counsel filed a letter with the Superior Court on March 12, 2015, requesting a conference with the judge and the parties because the case had not progressed. The Superior Court docket does not reflect that a conference was ever scheduled or held. On April 22, 2015, State Farm filed a motion to dismiss for failure to prosecute asserting, "It is quite clear that Plaintiffs [meaning the Purcells] have no interest in pursuing this lawsuit…." On June 15, 2015, the Purcells filed a response in opposition to the motion to dismiss. On July 15, 2015, the Superior Court issued a scheduling order setting a new trial date of May 16, 2016. Then, on August 18, 2015, the Superior Court, without explanation, issued a single sentence order granting State Farm's motion to dismiss for failure to prosecute. On January 4, 2016, the Superior Court denied the Purcells' motion for reargument.

(8) When this case was first appealed to the Supreme Court, we affirmed the Superior Court's denial of reargument, not on its merits, but on the alternative

4

ground that the Purcells' motion had not been filed in a timely manner. Nonetheless, we vacated the Superior Court's August 18, 2015 dismissal order because it was unclear whether the Superior Court's order dismissed only State Farm's appeal or if it also dismissed the Purcells' complaint on appeal.[6] We remanded the matter for further proceedings.

(9) Following remand, the Superior Court directed the parties to file a status report. While on remand, the Superior Court, in orders issued April 7, 2017 and July 26, 2017, dismissed Thomas Purcell from the case for his failure to appear. On November 9, 2017, the Superior Court issued its order on remand, which finally dismissed both State Farm's appeal and Diane Purcell's ("Purcell") complaint on appeal for failure to prosecute. Purcell appeals from that final order.

(10) Purcell raises three arguments in her opening brief. First, Purcell contends that the Superior Court erred in dismissing State Farm's appeal for her failure to prosecute. Second, she contends that the Superior Court erred in dismissing the declaratory judgment count of her complaint on appeal, asserting waiver, because State Farm refused to participate in the hearing before the arbitration panel in good faith. Finally, Purcell contends that the Superior Court erred in dismissing her complaint on appeal against State Farm.

---

[6] *Purcell v. State Farm Fire & Casualty Co.*, 2016 WL 7228852, *1 (Del. Dec. 13, 2016).

(11)    In its answering brief on appeal, State Farm argues that this Court's December 13, 2016 Order, which affirmed the Superior Court's denial of Purcell's motion for reargument on the ground that it was untimely, leaves Purcell with no cause of action because she failed to file a timely appeal from the Superior Court's dismissal of State Farm's appeal for Purcell's failure to prosecute the action.

(12)    We disagree with State Farm that Purcell's appeal is untimely.  The Superior Court's order dismissing State Farm's appeal was vacated by this Court on appeal because the order appeared to be interlocutory.  The final judgment in this case was not issued until November 9, 2017, when the Superior Court made it clear on remand that it was dismissing both State Farm's appeal as well as Purcell's complaint on appeal.  Thus, Purcell filed a timely appeal from the Superior Court's final judgment.  The dismissal of both actions is now ripe for review.  We review a trial court's dismissal for failure to prosecute under an abuse of discretion standard.[7] We review questions of law, including interpretations of statutes, *de novo*.[8]

(13)    Under 18 *Del. C.* § 331(d), the insured can commence an arbitration with the Insurance Commissioner "within 90 days from the date an offer of settlement or denial of coverage or liability has been made by an insurer."[9]  But, under section (a), "[d]isputes relating to whether coverage exists and under what

---

[7] *Draper v. Medical Ctr. of Del.*, 767 A.2d 796, 798 (Del. 2001).
[8] *City of Wilmington v. Nationwide Ins. Co.*, 154 A.3d 1124, 1127 (Del. 2017).
[9] 18 *Del. C.* § 331(d) (2015).

6

terms and conditions the coverage exists shall not be subject to the arbitration process established under this section."[10] Under section (d), "either party shall have a right to trial de novo to the Superior Court so long as notice of appeal is filed with that Court …within 90 days of the date of the arbitration decision being rendered."[11]

(14) Superior Court Rule of Civil Procedure 3(c) governs appeals *de novo* and how the appeal proceeds in Superior Court:

> When the appellant is the party having the duty of filing the complaint or other first pleading on appeal, the appellant shall file such pleading with praecipe. When the appellee is the party having the duty of filing the complaint or other first pleading on appeal, the appellee shall serve a copy of such pleading within 20 days after service of the process on appeal, or if appellee has not been served, within 40 days after the date of the process, and thereafter the pleadings shall proceed as in other actions.

Once State Farm filed its appeal, the Purcells were "the party having the duty of filing the complaint or other first pleading on appeal."

(15) Several twists and turns have complicated the procedural posture of this case, none of which is attributable to the Superior Court. State Farm filed an appeal for a *de novo* trial, but later asked the Superior Court to dismiss its appeal. Because the State Farm appeal triggered the Purcells' complaint on appeal, one could argue that the dismissal of State Farm's appeal rendered the arbitration award final. On the other hand, Superior Court Civil Rule 3(c) put the onus on the Purcells to file a

---

[10] *Id.* § 331(a).
[11] *Id.*

complaint on appeal, and once they did, the complaint on appeal displaced the arbitration award. The dismissal of the Purcells' complaint on appeal arguably eliminated their property damage claim. Unfortunately, the parties have not raised any of these arguments on appeal and they are waived.

(16) We decline to cut this Gordian knot and instead find that the Superior Court erred in dismissing Purcell's complaint for failure to prosecute. The sanction of dismissal is severe and should be reserved as a sanction of last resort in those cases where there is a clear record of dilatory conduct.[12] As we have noted the "important goal of timely adjudications must be balanced against the strong policy in favor of decisions on the merits."[13]

(17) In January 2015, the Superior Court ordered that State Farm's appeal, which challenged both the arbitration panel's jurisdiction to issue the award as well as the award itself, would be resolved before the Superior Court addressed Purcell's complaint, alleging breach of contract, bad faith, and related claims. Under these circumstances, State Farm's motion to dismiss for Purcell's failure to prosecute in April 2015 makes little sense. Given the procedural posture of the Superior Court case, the obligation to move the litigation forward also rested with State Farm. To the extent that State Farm's request for dismissal was premised on Purcell's alleged

---

[12] *Id.*

[13] *Id.* (quoting *Draper v. Medical Ctr. of Del.*, 767 A.2d 796, 798 (Del. 2001))

8

failure to provide a more complete list of damaged items, as required by the Superior Court Civil Proceeding Sheet docketed on October 23, 2014, we find dismissal too harsh of a sanction under these circumstances. Less than three months had elapsed from the time that Purcell's counsel withdrew from the case to the time that State Farm filed its motion to dismiss. Before filing its motion to dismiss, State Farm had given no indication either to Purcell or to the Superior Court that it had not received the ordered discovery. Thus, the ultimate sanction of dismissal was disproportionate to Purcell's dilatory conduct. On remand, the Superior Court shall issue a new case scheduling order to decide State Farm's appeal and Purcell's complaint on appeal.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment dated November 9, 2017 is REVERSED and the matter REMANDED for proceedings consistent with this Order.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

9