IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CITY OF WILMINGTON, | § | |
| | § | No. 318, 2016 |
| Appellant Below, | § | |
| Appellant, | § | |
| | § | Court Below: |
| v. | § | |
| | § | Superior Court of the |
| NATIONWIDE INSURANCE | § | State of Delaware |
| COMPANY, | § | |
| | § | C.A. No. N15C-11-152 |
| Appellee Below, | § | |
| Appellee, | § | |
| | § | |

_____

| | | |
|---|---|---|
| CITY OF WILMINGTON, | § | |
| | § | |
| Appellant Below, | § | |
| Appellant, | § | Court Below: |
| | § | |
| v. | § | Superior Court of the |
| | § | State of Delaware |
| VICTORIA INSURANCE COMPANY, | § | |
| | § | C.A. No. N15C-09-244 |
| Appellee Below, | § | |
| Appellee. | § | |

Submitted:    December 7, 2016
Decided:    January 4, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

Upon appeal from the Superior Court.    **REVERSED.**

Christofer C. Johnson, Esquire, City of Wilmington Law Department, Wilmington, Delaware for Appellant City of Wilmington.

Kiadii S. Harmon, Esquire, Law Office of Cynthia G. Beam, Newark, Delaware, for Appellee Nationwide Insurance Company.

Carol J. Antoff, Esquire, Law Office of Cynthia G. Beam, Newark, Delaware, for Appellee Victoria Insurance Company.

Lynn A. Kelly, Esquire, and Roopa Sabesan, Esquire, Department of Justice, Wilmington, Delaware, for *Amicus Curiae* State of Delaware Insurance Coverage Office.

Daryl A. Parson, Esquire, and Wilson B. Davis, Esquire, New Castle County Office of Law, for *Amicus Curiae* New Castle County.

**VALIHURA**, Justice:

This appeal presents a question of first impression before this Court—whether, under Delaware's motor vehicle insurance statute governing subrogation disputes among insurers and self-insurers, the losing party may appeal *de novo* to the Superior Court from an adverse arbitration award. In considering consolidated motions to dismiss two such appeals filed by the City of Wilmington ("the City") against insurers Nationwide Insurance Company ("Nationwide") and Victoria Insurance Company ("Victoria"), the Superior Court determined that 21 *Del. C.* § 2118(g)(3), which mandates arbitration for subrogation disputes arising between insurers and self-insurers, did not provide a right to appeal.[1] Because the statute unambiguously provides for appeals from mandatory arbitration of subrogation disputes between insurers and self-insurers, we REVERSE.

## I.    BACKGROUND

This dispute concerns subrogation claims Victoria and Nationwide asserted against the City. Victoria and Nationwide separately sought recovery from the City for $30,000 in personal injury protection benefits each insurer paid following unrelated 2012 motor vehicle accidents involving City police officers. On August 28, 2015, a Department of Insurance Arbitration Award Panel awarded Victoria $30,000 in subrogation. On September 28, 2015, the City filed a *de novo* appeal in the Superior Court from the panel's subrogation award. On October 19, 2015, a second panel awarded Nationwide $15,000 after finding the two parties involved in the collision equally at fault. On November 18, 2015, the City filed a *de novo* appeal in the Superior Court from the second panel's subrogation award.

---

[1] *City of Wilm. v. Nationwide Ins. Co.*, 2016 WL 3129421, at *4 (Del. Super. May 25, 2016).

Nationwide and Victoria filed motions to dismiss the City's appeals on February 26, 2016 and March 2, 2016, respectively. They both argued that the Superior Court lacked subject matter jurisdiction over the City's appeals. On April 20, 2016, the Superior Court consolidated the Nationwide and Victoria actions for the purpose of deciding the motions to dismiss.

On May 25, 2016, the Superior Court granted the motions to dismiss for lack of subject matter jurisdiction.[2] The Superior Court concluded that Delaware's automobile insurance statute provided for two arbitration procedures—mandatory and optional.[3] Because disputes between insurers and self-insurers fall under the mandatory provision set forth in subsection 2118(g)(3), the Superior Court concluded that self-insurers are required to submit to mandatory arbitration. It suggested that the arbitration procedure set forth in subsection 2118(j)(5) is reserved for "insured persons" only.[4] The Superior Court viewed as dispositive cases in which that court had held that it lacked jurisdiction over appeals from mandatory arbitration involving *two insurers*.[5] It reasoned that the City "is treated as an insurer for the purposes of mandatory arbitration under [subsection 2118(g)(3)], and not as an insured person under [subsection 2118(j)(5)]."[6] The court also determined that language in subsection 2118(g)(3) directing that arbitration of disputes

---

[2] *Id.*

[3] *Id.* at *2 (citing 21 *Del. C.* § 2118(g)(3); 21 *Del. C.* § 2118(j)(5)).

[4] *Id.* (citing 21 *Del. C.* § 2118(j)(5)).

[5] *Id.* at *3 (citing *21st Century Assurance Co. v. Liberty Mut. Ins. Co.*, 2015 WL 1405925 (Del. Super. Mar. 23, 2015); *New Hampshire Ins. Co. v. State Farm Ins. Co.* (*New Hampshire I*), 643 A.2d 328 (Del. Super. 1993)).

[6] *Id.*

2

between insurers and self-insurers proceed "in the same manner" as arbitration under subsection 2118(j) relates "to the manner in which the arbitration proceeding itself must be conducted, but does not extend the right of appeal explicitly provided in [subsection 2118(j)(5)]."[7] Accordingly, the Superior Court dismissed both appeals.

On appeal, the City argues that subsection 2118(g)(3) unambiguously provides that disputes between insurers and self-insurers, though mandatory, proceed pursuant to subsection 2118(j), which provides the right of appeal *de novo* to the Superior Court in subsection 2118(j)(5). The City contends that legislative history and long-standing administrative and judicial recognition of the right to appeal support this conclusion.[8]

Victoria agrees that section 2118 is unambiguous, but argues that the City has no right to appeal because, in its view, section 2118 is silent as to whether an insurer or self-insurer may appeal.[9] According to Victoria, subsection 2118(j)(5) only confers a right to appeal on individuals who assert claims against insurers or self-insurers pursuant to subsection (j). Victoria contends that subsection 2118(g)(3)'s provision that arbitration between insurers and self-insurers proceeds "in the same manner as the arbitration of claims provided for in subsection (j)" operates only with respect to subsections (j)(1)-(4), to the exclusion of subsections (j)(5)-(9). Finally, Victoria asserts that permitting self-

---

[7] *Id.* at *4.

[8] The City relies upon *State Insurance Coverage Office v. Christenson*, 2014 WL 3045215, at *1 (Del. Super. June 11, 2014); *New Hampshire I*, 643 A.2d at 329; and *New Hampshire Insurance Co. v. State Farm Insurance Co.* (*New Hampshire II*), 1994 WL 125038, at *4 (Del. Ch. Mar. 31, 1994)). The State of Delaware Insurance Coverage Office and New Castle County filed a joint brief as *amici curiae* in support of the City's position.

[9] Nationwide joined with and adopted Victoria's Answering Brief to this Court.

insurers to appeal would increase litigation costs for insurers and result in disparate treatment of insurers and self-insurers under the statute.

## II. ANALYSIS

As to the question of whether the Superior Court has jurisdiction over appeals arising from the arbitration of disputes between insurers and self-insurers, "[t]he Superior Court's authority to entertain appeals from administrative agencies must be statutorily conferred."[10] Thus, the language of section 2118 controls whether the Superior Court may exercise jurisdiction over the City's appeals from arbitration proceedings brought under that section.

"This Court reviews a trial court's grant of a motion to dismiss *de novo*."[11] Questions of law, including the interpretation of statutes, are also reviewed *de novo*.[12]

Subsection 2118(g) sets forth procedures for resolving motor vehicle insurance subrogation disputes among insurers and self-insurers:

> (g) Insurers providing benefits described in paragraphs (a)(1)--(4) of this section shall be subrogated to the rights, including claims under any workers' compensation law, of the person for whom benefits are provided, to the extent of the benefits so provided.
>
> [. . .]
>
> (3) Disputes among insurers as to liability or amounts paid pursuant to paragraphs (a)(1)--(4) of this section shall be arbitrated by the

---

[10] *State Dep't. of Corr. v. Worsham*, 638 A.2d 1104, 1108 (Del. 1994) (citing *Sinha v. Bd. of Trs. of Del. Technical & Cmty. Coll.*, 585 A.2d 1310, 1313 (Del. Super. 1990)).

[11] *RBC Capital Mkts., LLC v. Educ. Loan Trust IV*, 87 A.3d 632, 639 (Del. 2014) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 535 (Del. 2011)).

[12] *Ovens v. Danberg*, 2016 WL 6092473, at *2 (Del. Oct. 19, 2016) (citing *Rapposelli v. State Farm Mut. Auto. Ins. Co.*, 988 A.2d 425, 427 (Del. 2010)).

Wilmington Auto Accident Reparation Arbitration Committee or its successors. *Any disputes arising between an insurer or insurers and a self-insurer or self-insurers shall be submitted to arbitration which shall be conducted by the Commissioner in the same manner as the arbitration of claims provided for in subsection (j) of this section.*

[. . .]

(6) Unless specifically excepted by this subsection, this subsection shall also apply to self-insurers.[13]

Subsection 2118(g)(3) establishes two procedures for insurance subrogation disputes. First, "disputes among insurers" are subject to mandatory arbitration proceedings before Arbitration Forums Inc. (the "Insurers Clause").[14] Second, disputes arising between an insurer and a self-insurer are also subject to mandatory arbitration, but such proceedings must "be conducted by the Commissioner *in the same manner* as the arbitration of claims provided for in subsection (j) of [section 2118]" (the "Self-Insurers Clause").[15]

The Self-Insurers Clause refers to subsection 2118(j), which provides:

(j) Every insurance policy issued under this section shall require the insurer to submit to arbitration, *in the manner set forth hereinafter*, any claims for losses or damages within the coverages required under paragraph (a)(2) of this section and for damages to a motor vehicle, including the insured motor vehicle, including loss of use of such vehicle, upon request of the party claiming to have suffered a loss or damages within the above-described coverages of paragraph (a)(2) of this section or to such a motor vehicle. Such request shall be in writing and mailed to the Insurance Commissioner.

---

[13] 21 *Del. C.* § 2118(g) (emphasis added).

[14] *Id*. § 2118(g)(3); *see State Farm Mut. Auto. Ins. Co. v. UPS*, 2012 WL 1495338, at *2 (Del. Super. Apr. 30, 2012) (explaining that Arbitration Forums Inc. "is the successor to Wilmington Auto Accident Reparation Arbitration Committee").

[15] 21 *Del. C.* § 2118(g)(3) (emphasis added).

(1) All arbitration shall be administered by the Insurance Commissioner or the Insurance Commissioner's nominee.

(2) The Insurance Commissioner or the Insurance Commissioner's nominee shall establish a panel of arbitrators consisting of attorneys authorized to practice law in the State and insurance adjusters licensed to act as such in the State.

(3) The Insurance Commissioner, or the Insurance Commissioner's nominee, shall select 3 individuals from the panel of arbitrators, at least 1 of whom shall be an attorney authorized to practice law in the State, to hear each request for arbitration.

(4) The Insurance Commissioner, or the Insurance Commissioner's nominee, shall promulgate all rules and regulations necessary to implement this arbitration program.

(5) The right to require such arbitration shall be purely optional and neither party shall be held to have waived any of its rights by any act relating to arbitration and *the losing party shall have a right to appeal de novo to the Superior Court* if notice of such appeal is filed with that Court in the manner set forth by its rules within 30 days of the date of the decision being rendered.

(6) The Insurance Commissioner shall establish a schedule of costs of arbitration; provided, however, the arbitrator's fee shall not exceed $25 per arbitrator for any 1 arbitration.

(7) The cost of arbitration shall be payable to the State Department of Insurance, and shall be maintained in a special fund identified as the "Arbitration Fund" which shall be administered by the Insurance Commissioner. These funds under no circumstances shall revert to the General Fund. All costs of arbitration including administrative expenses of the Insurance Department and the arbitrator's fee shall be payable from this Fund.

(8) The applicant may be reimbursed the cost of filing arbitration as a part of the award rendered by the arbitration panel. If an insurer should pay an applicant damages in advance of a hearing, they shall include with those damages the cost to the applicant of filing the arbitration.

(9) *This subsection shall also apply to self-insurers.*[16]

"When construing a statute, Delaware courts must first determine whether the statute is ambiguous."[17]  "A statute is ambiguous if it is susceptible of two or more reasonable interpretations, or if a literal reading of the statutory language 'would lead to an unreasonable or absurd result not contemplated by the legislature.'"[18]  "There is judicial discretion to construe a statute when its language is obscure and ambiguous, but when no ambiguity exists, and the intent is clear from the language of the statute, there is no room for statutory interpretation or construction."[19]

Here, the statute is unambiguous and leaves no room for statutory interpretation. The City is a self-insurer, and Nationwide and Victoria are insurers.  The disputes at issue therefore are subject to mandatory arbitration under the Self-Insurers Clause of subsection 2118(g)(3).  Under the plain language of the Self-Insurers Clause, such disputes must be arbitrated "in the same manner" as arbitration set forth in subsection 2118(j),[20] which in turn refers to arbitration "in the manner set forth hereinafter[.]"[21]

The most reasonable reading of the "in the same manner" language of subsections 2118(g)(3) and (j) is that it encompasses all subparts of subsection 2118(j), including the right to appeal set forth in (j)(5).  The statute provides no basis for denying a losing party

---

[16] *Id.* § 2118(j) (emphasis added).

[17] *Lawson v. State*, 91 A.3d 544, 549 (Del. 2014) (citing *Sussex Cnty. Dep't of Elections v. Sussex Cnty. Republican Comm.*, 58 A.3d 418, 422 (Del. 2013)).

[18] *Id.* (quoting *CML V, LLC v. Bax*, 28 A.3d 1037, 1041 (Del. 2011)).

[19] *Giuricich v. Emtrol Corp.*, 449 A.2d 232, 238 (Del. 1982) (citation omitted).

[20] 21 *Del. C.* § 2118(g)(3).

[21] *Id.* § 2118(j).

the right to appeal solely based on one party's status as a self-insurer. To the contrary, subsection (j)(9) expressly provides that subsection (j) "shall also apply to self-insurers."[22]

We reject Victoria's argument that only (j)(1)-(4) are intended to apply to arbitration required by (g)(3), and that (j)(5)-(9) should be disregarded. First, that result is not what the General Assembly provided in the text of the statute. Subsection (g)(3) directs self-insurers and insurers to arbitrate their disputes in the manner provided in subsection (j)—not, for example, only as provided in (j)(1)-(4). Second, (j)(5) is embedded in the midst of process-oriented provisions concerning the makeup, function, and funding of the arbitration panel. This structure suggests that, along with the subparts before and after it, (j)(5) is included in the "manner" of arbitrations proceeding under subsection (j). Finally, (j)(6)-(8) concern the mechanics of setting and allocating the costs of arbitration.[23] These provisions are natural corollaries to those in (j)(1)-(4), which describe the Commissioner's role, outline the composition of and qualifications for arbitration panels, and require the Commissioner to promulgate rules implementing the arbitration program.[24] The cost provisions in (j)(6)-(8) are at least as important as the other provisions in (j) to effectuating the arbitration scheme. Disregarding these provisions theoretically would leave the Commissioner without compensation for arbitrating disputes between insurers and self-insurers. The statute provides no basis for

---

[22] *Id.* § 2118(j)(9).

[23] *See id.* § 2118(j)(5)-(8).

[24] *See id.* § 2118(j)(1)-(4).

omitting certain subsections of (j) when determining the manner of arbitration required by (g)(3).

That the "purely optional" language presented in the first portion of subsection 2118(j)(5) cannot apply to self-insurer/insurer disputes does not indicate that the legislature intended that the rest of (j)(5) not apply. Subsection 2118(j)(5) has three provisions: (1) that "[t]he right to require such arbitration shall be purely optional[;]" (2) that "neither party shall be held to have waived any of its rights by any act relating to arbitration[;]" and (3) that "the losing party shall have a right to appeal *de novo* to the Superior Court[.]"[25] Because the statute cannot reasonably be read to provide for arbitration that is both mandatory under subsection 2118(g)(3) and optional under subsection 2118(j)(5), the "purely optional" language in the latter provision must refer solely to an individual's "right to require such arbitration" pursuant to subsection 2118(j), and not to arbitration brought under the Self-Insurers Clause of subsection 2118(g)(3).[26] Although the provisions in subsection 2118(j)(5) are connected by the word "and," each part has its own subject and predicate such that the second and third parts do not require the "right to require such arbitration" language to make sense. As such, the second and third parts do not rely on the right set forth at the beginning of (j)(5) and can apply to self-insurers even if the first provision of (j)(5) does not.

The procedures and case law governing insurer-insurer disputes are not applicable

---

[25] *Id.* § 2118(j)(5) (italics added).

[26] *See UPS*, 2012 WL 1495338, at \*2 (stating that Delaware courts have generally determined that the "optional right" to demand arbitration in subsection 2118(j)(5) "belong[s] to the claimant").

here. The Superior Court concluded that the City "is treated as an insurer for the purposes of mandatory arbitration" and that, "by agreeing to provide insurance in the State of Delaware, self-insured entities are subject to the same regulatory scheme as insurers."[27] These conclusions are inconsistent with the structure of the statute. Subsection 2118(g)(3) contains two sentences—the Insurers Clause and the Self-Insurers Clause—which require arbitration of subrogation disputes via separate procedures depending on the identity of the parties. That subsection 2118(g)(3) is organized by party rather than by a common procedure emphasizes the distinct treatment of insurers and self-insurers under that provision. Accordingly, although Delaware courts have recognized that there is no right to appeal from arbitration of disputes *between insurers*,[28] importing this limitation to disputes governed by the Self-Insurers Clause is not supported by the text of the statute.

For the reasons set forth above, we conclude that the plain language of section 2118 permits a losing party to appeal following mandatory arbitration between insurers and self-insurers pursuant to subsections 2118(g)(3) and (j)(5). Accordingly, we REVERSE the Superior Court's dismissal of the City's appeals.

---

[27] *Nationwide*, 2016 WL 3129421, at *3, *4.

[28] *See, e.g.*, *21st Century*, 2015 WL 1405925, at *2; *New Hampshire I*, 643 A.2d at 329-30.

10