IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN HENRY and DARLENE HENRY, | § § § | No. 437, 2018 |
| Plaintiffs Below, Appellants, | § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | C.A. No. N18C-03-092 |
| CINCINNATI INSURANCE COMPANY, | § § § | |
| Defendant Below, Appellee. | § § § | |
| | | |
| CHARLES FRITZ, | § § | No. 565, 2018 |
| Plaintiff Below, Appellant, | § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | C.A. No. S16C-11-006 |
| CINCINNATI INSURANCE COMPANY, | § § § | |
| Defendant Below, Appellee. | § § § | |

Submitted:  April 10, 2019
Decided:  June 11, 2019

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

Upon appeal from the Superior Court.  **REVERSED AND REMANDED**.

Jonathan B. O'Neill, Esquire, and Jennifer D. Donnelly, Esquire, Kimmel, Carter, Roman, Peltz & O'Neill, P.A., Christiana, Delaware, for Appellants, John Henry and Darlene Henry.

Francis J. Jones, Jr., Esquire (*Argued*), and Wilson A. Gualpa, Esquire, Morris James LLP, Georgetown, Delaware, for Appellant, Charles Fritz.

Krista E. Shevlin, Esquire, and William A. Crawford, Esquire (*Argued*), Franklin & Prokopik, Newark, Delaware, for Appellee, Cincinnati Insurance Company.

**VAUGHN**, Justice:

## I.   INTRODUCTION

This opinion is being issued in two cases that were consolidated for purposes of oral argument, *Henry v. Cincinnati Insurance Co.*, No. 437, 2018, and *Fritz v. Cincinnati Insurance Co.*, No. 565, 2018.   In *Henry*, John and Darlene Henry appeal from a Superior Court order granting Cincinnati Insurance Co.'s motion to dismiss.[1] In *Fritz*, Charles Fritz appeals from a Superior Court order granting summary judgment in favor of Cincinnati Insurance Co. (Cincinnati).[2]   Both cases involve employees, John Henry and Charles Fritz, who sustained injuries in automobile accidents while operating an employer-owned vehicle during the course of their employment.   In both cases, the accidents were each allegedly caused by a third-party tortfeasor.   Both employees received workers' compensation from their respective employers' workers' compensation insurance companies pursuant to Delaware's Workers' Compensation Act (the Act).[3]   In each case, the vehicle

---

[1]  *Henry v. Cincinnati Ins. Co.*, 2018 WL 3640835 (Del. Super. July 31, 2018).
[2]  Fritz's Opening Br. Ex. A.
[3]  19 *Del. C.* §§ 2301-2396.

2

operated by the employee was covered by an automobile liability insurance policy issued to the employer by Cincinnati. In addition to their workers' compensation benefits, both Henry and Fritz sought to recover underinsured-motorist benefits under the terms of the Cincinnati automobile liability policies. The Superior Court issued its order in *Henry* first; it found that the exclusive-remedy (or "exclusivity") provision in the Act, 19 *Del. C.* § 2304, in effect at the time of the accident, precluded Henry from receiving underinsured-motorist benefits under the Cincinnati policy.[4] Following that decision, the Superior Court in *Fritz* granted Cincinnati's motion for summary judgment on the same ground, explaining that "[t]he Superior Court follows its prior decisions except for urgent reasons and upon clear manifestation of error."[5]

Henry and Fritz contend that the Superior Court erred in finding that the Act's exclusivity provision precludes them from receiving underinsured-motorist benefits through the automobile liability policy their respective employers each purchased from Cincinnati. For the reasons that follow, we agree that the Superior Court erred in both cases. The Act's exclusivity provision does not prevent an employee from receiving underinsured-motorist benefits provided by an automobile liability policy that his or her employer has purchased from a third-party insurance company.

---

[4]  *Henry*, 2018 WL 3640835, at *3-4.
[5]  Fritz's Opening Br. Ex. A, at 2 (internal quotation marks omitted).

## II. FACTS AND PROCEDURAL HISTORY

The facts in both cases are straightforward and generally not subject to dispute. On September 29, 2015, Henry was injured in an automobile accident allegedly caused by Cynthia Sassa. Henry settled his liability claim with Sassa's insurance company for her policy limits. He then filed a claim with Cincinnati for underinsured-motorist benefits provided by the automobile liability policy covering the vehicle he was driving. Cincinnati denied coverage on the ground that Henry was not entitled to underinsured-motorist benefits because he accepted workers' compensation benefits, which Cincinnati contended were, under the Act's exclusivity provision, to the exclusion of all other rights and remedies.

On October 20, 2015, Fritz was injured in an automobile accident allegedly caused by Alex Lopez. Fritz settled his liability claim with Lopez's insurer for his policy limits. He then filed a claim with Cincinnati for underinsured-motorist benefits provided by the automobile liability policy covering the vehicle he was driving. Cincinnati denied coverage on the same ground that it relied upon in denying Henry coverage. Henry and Fritz then brought their respective suits seeking underinsured-motorist benefits from Cincinnati.

The Superior Court's decision in *Henry*, which the court in *Fritz* followed, relied on two prior Superior Court cases. One was *Simpson v. State*, in which the court held that the Act's then-effective exclusivity provision prevented a state

4

employee from recovering underinsured-motorist benefits through the State's self-insured automobile liability insurance plan.[6]   The other was *Robinson v. State*.[7]   In *Robinson*, which also involved a state employee, the Superior Court judge agreed with *Simpson* and further held that a September 2016 amendment to the exclusivity provision was not retroactive.[8]   This Court affirmed *Robinson* on appeal.[9]

## III.   DISCUSSION

We review a grant or denial of summary judgment *de novo* "to determine whether, viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."[10]   "Questions of law, including the interpretation of statutes, are also reviewed *de novo*."[11]

At the time of the accidents involved in *Simpson* and *Robinson*, as well as at the time of Henry's and Fritz's accidents, the exclusivity provision in the Act provided as follows:

> Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in

---

[6]  *Simpson v. State*, 2016 WL 425010, at *2-4 (Del. Super. Jan. 28, 2016).
[7]  *Robinson v. State*, 2017 WL 1363894 (Del. Super. Apr. 11, 2017), *aff'd*, 176 A.3d 1274, 2017 WL 6422370 (Del. Dec. 18, 2017) (Table).
[8]  *Id.* at *1-2.
[9]  *Robinson*, 2017 WL 6422370.
[10]  *GMG Capital Invs., LLC v. Athenian Venture P'rs I, L.P.*, 36 A.3d 776, 779 (Del. 2012) (en banc) (quoting *State Farm Mut. Auto. Ins. Co. v. Patterson*, 7 A.3d 454, 456 (Del. 2010) (en banc)).
[11]  *City of Wilm. v. Nationwide Ins. Co.*, 154 A.3d 1124, 1127 (Del. 2017).

5

the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.[12]

In *Simpson,* the plaintiff, a state employee, was injured in an automobile accident while driving a state-owned vehicle during the course of her employment.[13] She received workers' compensation benefits under the State's self-insured workers' compensation plan.[14] She then brought suit against the State seeking underinsured-motorist benefits under the State's self-insured automobile liability plan.[15] The question before the Superior Court was whether the plaintiff could pursue an underinsured-motorist claim against her self-insured employer, the State, for the same injuries for which she received workers' compensation benefits.[16] During the course of its analysis, the court observed that the basic tenet of underinsured-motorist coverage "is to insure that individuals have the ability to be compensated for their injuries beyond what may be available from a negligent tortfeasor's policy."[17] Where an injured worker receives workers' compensation benefits, the court reasoned, "workers compensation is playing the same role that the UIM benefits would provide for an individual who has access to them."[18] Allowing an

---

[12] 19 *Del. C.* § 2304 (2015).
[13] 2016 WL 425010, at *1.
[14] *Id.*
[15] *Id.*
[16] *Id.* at *2.
[17] *Id.* at *4.
[18] *Id.*

injured worker to recover underinsured-motorist benefits in addition to workers' compensation benefits, the court further reasoned, would result in the worker being "compensated twice for the same injury."[19]   From this the court ultimately concluded that "the phrase 'exclusion of all rights and remedies' in 19 *Del. C.* § 2304 prohibits the Plaintiff from gaining access to the State's UM/UIM policy."[20]

In September 2016, following *Simpson*, the above-quoted exclusivity provision was amended.   The language the amendment added is italicized:

> Except as expressly excluded in this chapter *and except as to uninsured motorist benefits, underinsured motorist benefits, and personal injury protection benefits*, every employer and employee, adult and minor, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.[21]

As mentioned, the Superior Court in *Robinson* found that this amendment was not retroactive and did not apply to injuries occurring prior to its effective date.[22]

In *Henry*, the Superior Court phrased the issue as being "whether Employee's claim for UIM benefits is subject to the pre-amendment or post-amendment version of the [Act]."[23]   After discussing *Simpson* and *Robinson,* the court concluded that

---

[19] *Id.*
[20] *Id.*
[21] 80 Del. Laws ch. 420, § 1 (2016).
[22] *Robinson*, 2017 WL 1363894, at *1-2.
[23] *Henry*, 2018 WL 3640835, at *2.

the Henrys' claims were governed and barred by the pre-amendment version of the exclusivity provision.[24]

We think that an injured worker who receives workers' compensation benefits is not barred by the pre-amendment version of the exclusivity clause from recovering underinsured-motorist benefits under an automobile liability policy that his or her employer has bought from a third-party insurance provider. An insurance company, such as Cincinnati, that issues an automobile liability policy insuring an employer's vehicles with coverage including underinsured-motorist coverage is not an "employer" under the Act. The term "employer" is defined by the Act: "'Employer' includes all those who employ others unless they are excluded from the application of this chapter by any provision of this subchapter, and if the employer is insured, the term shall include the insurer as far as practicable."[25] This definition necessarily refers to those third-party insurers insuring employers for the purposes of, and in their capacity as insurers for, workers' compensation claims.[26] This prevents the employee from suing the employer's workers' compensation insurer in

---

[24] *Id.* at *2-4.

[25] 19 *Del. C.* § 2301(11).

[26] *See Young v. O.A. Newton & Son Co.*, 477 A.2d 1071, 1073 (Del. Super. 1984) ("Examination of the statutory history of the Delaware Workmen's Compensation Law shows that the initial statute which established Workmen's Compensation in Delaware in 1917 provided that the employer and its workmen's compensation carrier would 'as far as practicable' be accorded the same treatment, and that concept has been retained as the definitional guide for applying the Workmen's Compensation Law to the present time." (citations omitted)).

relation to such claims, which is consistent with the purpose of the Act: "to provide for the speedy compensation of injured employees."[27]

The definition of "employer" does not include a third-party insurance company that provides an automobile liability policy to an employer. In the *Fritz* case, although Cincinnati provides both the underinsured-motorist coverage and the workers' compensation coverage, the coverages are laid out in two separate policies, each having its own independent premium. Fritz's suit is not one brought against Cincinnati in its capacity as the workers' compensation carrier. And in the *Henry* case, while Cincinnati provides the automobile liability policy, another entity provides the employer's workers' compensation coverage. Cincinnati, therefore, is not an "employer" in either of the cases before us.

This conclusion is supported by the principal that "[i]n Delaware, an employee who is injured within the course of his employment by a third party is permitted to recover workers' compensation benefits from his employer and also to pursue a personal injury action against the tortfeasor."[28] "A basic principle of workers' compensation law is that if a stranger's negligence was the cause of the injury to claimant in the course of employment, the stranger should not be in any

---

[27] *Pierce v. Int'l Ins. Co. of Ill.*, 671 A.2d 1361, 1364 (Del. 1996) (en banc).
[28] *Duphily v. Del. Elec. Co-op., Inc.*, 662 A.2d 821, 834 (Del. 1995) (en banc); *see also* 19 *Del. C.* § 2363(a).

9

degree absolved of his or her normal obligation to pay damages."[29] In the case of underinsured-motorist coverage, the insurer steps into the shoes of the alleged third-party tortfeasor.[30] Accordingly, Cincinnati steps into the shoes of the alleged tortfeasor in both the *Henry* case and the *Fritz* case.

Because Cincinnati is being sued in these cases in its capacity as a third-party insurance company standing in the shoes of an alleged third-party tortfeasor, these suits are permitted under 19 *Del. C.* § 2363.[31] The exclusivity provision, therefore, is not a defense that is available to Cincinnati.[32]

## IV. CONCLUSION

For the forgoing reasons, the judgments of the Superior Court in these cases are reversed, and the cases are remanded for further proceedings consistent with this opinion.

---

[29] *Stayton v. Clariant Corp.*, 10 A.3d 597, 600 (Del. 2010) (internal quotation marks omitted).

[30] *Progressive N. Ins. Co. v. Mohr*, 47 A.3d 492, 504 n.55 (Del. 2012) (en banc) (Steele, C.J., dissenting).

[31] 19 *Del. C.* § 2363(a) ("Where the injury for which compensation is payable under this chapter was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee . . . may also proceed to enforce the liability of such third party for damages in accordance with this section.").

[32] We believe *Simpson* and *Robinson* are distinguishable because in those cases the employees sought to recover damages over and above workers' compensation benefits from their employers. Henry and Fritz are not seeking to recover from their employers in these actions.