IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ACW CORPORATION (a.k.a. ARBY'S) and EASTERN ALLIANCE INS. CO., as Subrogee of SHANARA DEVON WATERS, | § § § § § | No.   302, 2019 |
| | § | Court Below:   Superior Court of the State of Delaware |
| Plaintiffs Below, Appellants, | § § § | C.A. No. N18C-02-004 |
| v. | § § | |
| | § | |
| CHRISTOPHER ROBERT MAXWELL, and DONEGAL MUTUAL INS. CO. (a.k.a. DONEGAL INS. GROUP), | § § § § § § | |
| | § | |
| Defendants Below, Appellees. | § § | |

Submitted:   September 9, 2020
Decided:   November 18, 2020

Before **SEITZ**, Chief Justice; **VALIHURA**, **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, constituting the Court *en Banc*.

Upon appeal from the Superior Court.   **AFFIRMED**.

Scott R. Mondell, Esquire, and Andrew J. Carmine, Esquire (*Argued*), Elzufon Austin & Mondell, P.A., Wilmington, Delaware, for Appellants, ACW Corporation and Eastern Alliance Insurance Company.

Colin M. Shalk, Esquire, Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware, for Appellees, Christopher Robert Maxwell and Donegal Mutual Insurance Company.

**VAUGHN**, Justice:

# I. INTRODUCTION

The Appellants, ACW Corporation, a.k.a. Arby's, (Arby's) and Eastern Alliance Ins. Co. ("Eastern Alliance"), as Subrogee of Shanara Devon Waters ("Waters"), appeal the Superior Court's grant of summary judgment in favor of the Appellees, Christopher Robert Maxwell ("Maxwell") and Donegal Mutual Ins. Co. (a.k.a. Donegal Ins. Group) ("Donegal"). Eastern Alliance is Arby's' workers' compensation carrier. It paid Waters, an Arby's employee, a $12,500 commuted, lump-sum workers' compensation benefit to settle her workers' compensation claims for injuries she received in a work-related motor vehicle accident caused by Maxwell. Arby's and Eastern Alliance then brought this suit against Maxwell and his auto insurer, Donegal, under 19 *Del. C.* § 2363, claiming that they are entitled to recover the $12,500 lump-sum payment from them. Maxwell and Donegal denied liability. They acknowledged that under the Workers' Compensation Act Arby's and Eastern Alliance could assert a claim against Maxwell for damages that Waters would be entitled to recover against Maxwell in an action in tort. They argued, however, that Maxwell is not liable for the lump-sum payment because it was a settlement of potential or future workers' compensation claims and did not include any damages that Waters would be entitled to recover against Maxwell in an action in tort. Arby's and Eastern Alliance argued that 19 *Del. C.* § 2363(e) allowed them to recover from Maxwell "any amounts paid or payable [to Waters] under the

1

Workers' Compensation Act" in connection with the Maxwell accident, and that the lump-sum benefit was an amount paid to Waters under the Act. The Superior Court agreed with Maxwell, and after finding that Arby's and Eastern Alliance failed to offer evidence that any of the $12,500 lump-sum benefit was for damages which Waters would be able to recover in a tort action against Maxwell, granted summary judgment in Maxwell's and Donegal's favor. For the following reasons, we find no error in the Superior Court's judgment and affirm.

## II. FACTS AND PROCEDURAL HISTORY

On February 2, 2016, Waters, while acting in the course and scope of her employment as an Arby's employee, was involved in an accident caused by non-employee Christopher Maxwell.

On June 21, 2017, Waters filed a personal injury complaint against Maxwell for injuries she allegedly received in the accident.[1] She settled her claim against Maxwell for $5,000.[2]

After Waters settled her personal injury claim against Maxwell, her workers' compensation counsel contacted counsel for Arby's and Eastern Alliance and began

---

[1] Waters' complaint was filed against Maxwell and another individual named Evodio Colin. According to the complaint, on March 13, 2016, Waters was involved in a second non-work-related accident caused by Colin. The complaint sought to hold Maxwell and Colin jointly and severally liable for Waters' injuries. For purposes of this appeal, Colin, and Waters' claims against Colin, are of no relevance.

[2] Under 19 *Del. C.* § 2363(c), Waters' settlement of her claim does not bar the employer or the compensation carrier from proceeding against the third party for any claim it may have.

2

discussing Waters' potential entitlement to workers' compensation benefits, including, but not limited to, benefits for permanent impairment, future total and/or partial disability, and future medical treatment. The discussions led to an agreement to commute all workers' compensation benefits which might be claimed by Waters from the Maxwell accident for the lump-sum of $12,500.[3] The parties filed a stipulation and order for commutation with the Industrial Accident Board ("IAB"), which stated in relevant part:

> 3. The parties have agreed to commute any and all workers' compensation benefits including, but not limited to, temporary total disability benefits, temporary partial disability benefits, permanent impairment benefits, disfigurement benefits, death benefits and past, present and future medical benefits, to which [Waters] may now be or in the future become entitled, pursuant to the provisions of 19 *Del. C.* §§ 2322, 2324, 2325, 2326 and 2330.

> 5. Employer has also agreed to waive its lien against Claimant in connection with her third party recovery. However, this agreement is being made based on Employer's understanding that Claimant only recovered $5,000.00 from the third party carrier. The parties agree that Employer/Carrier retains full recovery/subrogation rights against the third party liability carrier (to the extent

---

[3] Commutation of compensation is permitted under § 2358 of the Act. Commutations must be approved by the Industrial Accident Board. 19 *Del. Admin. C.* § 1331-22.1.

there are leftover policy limits), pursuant to 19 *Del. C.* § 2363.[4]

On January 5, 2018, the IAB approved the stipulation and order.

On February 1, 2018, Arby's and Eastern Alliance brought this suit against Maxwell and Donegal to recover the $12,500 commutation payment.[5] They claimed that they were entitled to recover the $12,500 lump sum benefit paid to Waters under 19 *Del. C.* § 2363(e). Maxwell and Donegal moved for summary judgment, supported by an affidavit, with exhibits, from Waters' workers' compensation attorney. In his affidavit, Waters' workers' compensation attorney stated,

> At the time of the agreement and the filing of the Petition [before the IAB] Waters had no outstanding medical expenses and nor did she have any present claims for lost wages. [She] did not have any expert medical reports identifying permanent or partial impairments . . . [or]

---

[4] App. to Appellant's Opening Br. at A028-29 [hereinafter A__]. The provisions of § 2363 will be discussed further below in Section IV.

[5] The total amount claimed by Arby's and Eastern Alliance was actually $13,133.25, consisting of the $12,500 lump-sum payment and $633.25 for two medical bills. The complaint recites that Donegal is named as a party under a provision of 19 *Del. C.* § 2363(e) which provides that "for items of expense which are precluded from being introduced into evidence at trial by § 2118 of Title 21, reimbursement shall be had only from the third-party liability insurer." In its order granting summary judgment to Maxwell and Donegal, the Superior Court found that Maxwell and Donegal were liable for the two medical bills. That finding is not challenged and has no bearing on this appeal.

medical reports identifying the future medical expenses or lost wages.[6]

Maxwell and Donegal argued that by agreeing to the $12,500 lump-sum settlement, Arby's and Eastern Alliance had "paid the claimant/plaintiff (Waters) into the future a benefit that may never occur in order to end any ongoing relationship with the claimant/plaintiff[.]"[7]    They also argued that under § 2363(e) the employer or workers' compensation carrier could recover only those amounts that Waters could recover against Maxwell in an action in tort.    The commutation agreement, they continued, did not set forth any actual damages which Waters could recover from Maxwell in a tort action, and Arby's and Eastern Alliance had no evidence of any such damages.    As mentioned, Arby's and Eastern Alliance argued in response that under 19 *Del. C.* § 2363(e), they were entitled to recover any amount they paid to Waters under the Workers' Compensation Act.

In granting Maxwell's and Donegal's motion for summary judgment, the Superior Court reasoned that "Plaintiffs cannot offer evidence that any of the $12,500 commutation are damages resulting from the personal injuries Ms. Waters

---

[6] A054.

[7] A047 ¶ 9, A049.

5

suffered from the motor vehicle collision . . . [and] any damages related to the commutation would be speculative and not proved with reasonable probability."[8]

## III.  STANDARD OF REVIEW

"We review a grant or denial of summary judgment *de novo* 'to determine whether, viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law.'"[9]  "Questions of law, including the interpretation of statutes, are also reviewed *de novo*."[10]

## IV.  DISCUSSION

19 *Del. C.* § 2363(a) explains the rights of an injured worker, an employer, and a compensation insurer to enforce the liability of a third party who is legally liable for an injured worker's injuries.  Under that section, an injured worker's acceptance of workers' compensation benefits is not an election of remedies and the injured worker "may also proceed to enforce the liability of such third party for damages."  For the first 260 days after the accident, the injured worker has the exclusive right to commence an action against a third party.  If the injured worker does not commence an action within that 260 day period, the employer or the

---

[8]  *ACW Corp. v. Maxwell*, 2019 WL 3024049, at \*3 (Del. Super. Ct. July 10, 2019).
[9]  *Henry v. Cincinnati Ins. Co.*, 212 A.3d 285, 288 (Del. 2019) (quoting *GMG Capital Invs., LLC v. Athenian Venture P'rs I, L.P.*, 36 A.3d 776, 779 (Del. 2012)).
[10]  *City of Wilm. v. Nationwide Ins. Co.*, 154 A.3d 1124, 1127 (Del. 2017).

compensation carrier may commence an action to enforce the third party's liability in the name of the injured worker. Since Waters did not commence her action against Maxwell until after 260 days from the accident, Arby's and Eastern Alliance have properly exercised their right to file this suit against Maxwell.[11]

Section 2363(e) explains what may be recovered in an action against a third party and how such a recovery is to be applied. The pivotal language reads as follows:

> In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee . . . would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workers' compensation insurance carrier for any amounts paid or payable under the Workers' Compensation Act to date of recovery, and the balance shall forthwith be paid to the employee . . . and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits[.]

Arby's and Eastern Alliance focus on the second sentence of § 2363(e) and contend that the section should be construed to mean that the employer or compensation carrier can recover from the third party "any amounts paid or payable under the Workers' Compensation Act[.]"[12] Arby's and Eastern Alliance, however,

---

[11] As stated in Section II, *supra*, Waters' motor vehicle accident with Maxwell occurred on February 2, 2016, and Waters filed the third-party complaint against Maxwell and Colin on June 21, 2017.

[12] Appellant's Opening Br. at 15.

misconstrue § 2363(e). The amount which may be recovered from the third party is set forth in the first sentence of § 2363(e). It provides that the amount which "the plaintiff" may recover in an action to enforce the liability of a third party is "any amount which the employee . . . would be entitled to recover in an action in tort." The "plaintiff" in the action to enforce the liability of a third party may be the injured worker, or it may be, as here, the employer and/or the compensation carrier. The measure of damages which may be recovered against a third party by an injured worker, an employer, or a compensation carrier under § 2363(e) is the same, and is plainly stated to be the "amount the employee would be entitled to recover in an action in tort."

The phrase, "amounts paid or payable to the [injured worker]" in the second sentence of § 2363(e), refers to the amounts against which a successful recovery from a third party should first be applied, not the amount which may be recovered from the third party.

Arby's and Eastern Alliance have relied heavily upon this Court's decision in *Harris v. New Castle County*.[13] In *Harris*, a New Castle County police officer was injured in a work-related auto accident. He received workers' compensation benefits. He also brought suit for his injuries against the operator of the vehicle that caused the accident. The third-party operator was found to be uninsured. The

---

[13] 513 A.2d 1307 (Del. 1986).

8

officer then filed an uninsured motorist claim with the insurance company that insured the police car he was operating when the accident occurred and was paid uninsured motorist policy limits of $25,000. He then filed a declaratory action against the county seeking a decree prohibiting the county from imposing a workers' compensation lien against the $25,000 recovered under the county's uninsured motorist coverage. The Superior Court ruled that § 2363 conferred upon the county a right of subrogation against the uninsured motorist benefits for the workers' compensation benefits received by the officer.

On appeal, this Court affirmed the Superior Court's judgment. The officer argued that the first sentence of § 2363(e) defined the scope and extent of an employer's subrogation rights against sums recovered in a third-party tort claim. He reasoned that since uninsured motorist benefits represented a contractual obligation of the employer or its insurer, they were not a tort recovery, and, therefore, under the first sentence of § 2363(e), were not subject to the employer's subrogation rights. In rejecting the officer's argument, this Court reasoned that "the first sentence exists to define the measure of damages recoverable by a recipient of workers' compensation benefits in a suit at law against a third-party tortfeasor."[14] It found that the breadth of the employer's subrogation right is defined in the second sentence of § 2363 and extended to "include indirect as well as direct recovery of

---

[14] *Id*. at 1309.

9

damages from a third party." [15]   The Court agreed with the Superior Court's characterization that "though received from the County's uninsured motorist carrier, the sum involved 'represent[s] the damages the [third-party tortfeasor] would be required to pay upon adjudication of guilt in a tort action but for his lack of insurance[.]'"[16]   In other words, the uninsured motorist benefits represented the damages a third party would be required to pay if found liable in an action in tort.

*Harris* defines the breadth of the employer's or compensation carrier's right of subrogation against sums recovered from a third party for damages resulting from the worker's personal injuries once a recovery is obtained.   The question in this case is different from the question presented in *Harris.*   The question we address here is what amount may be recovered from the third-party.    That amount is plainly set forth in the first sentence of § 2363(e), which, as previously stated, is "any amount the employee . . . would be entitled to recover in an action in tort."   The third-party's liability does not change when the action is brought by the employer or compensation carrier rather than the employee.    Where the employer or compensation carrier is the plaintiff, the third-party's liability corresponds exactly in extent to his liability to the injured worker for any amount recoverable in an action in tort.

---

[15] *Id.*
[16] *Id.* (alterations in original) (citing *State v. Donahue*, 472 A.2d 824, 829 (Del. Super. 1983)).

10

Returning to the facts of this case, the question becomes whether Arby's and Eastern Alliance can offer any evidence of damages that Waters would be able to recover from Maxwell in an action in tort. The commutation agreement itself does not contain any such evidence. It refers in a general sense to various types of workers' compensation benefits for which Waters might at some point have qualified, but it contains nothing that could be placed before a jury as evidence from which a jury could assess damages for personal injuries suffered by Waters in the accident. It does not appear from the record that Arby's and Eastern Alliance offered the Superior Court any other evidence of injuries suffered by Waters which could be presented in a trial against Maxwell. We, therefore, find no error in the Superior Court's grant of summary judgment in favor of Maxwell and Donegal.

## V.  CONCLUSION

For the foregoing reasons, the judgment of the Superior Court is affirmed.

11