## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN HENRY and DARLENE HENRY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N18C-03-092 ALR |
| THE CINCINNATI INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Submitted: February 26, 2021
Decided: April 19, 2021

***Upon Motion to Intervene by Employer Horizon Services, Inc. and Workers' Compensation Carrier Eastern Alliance Insurance Company***
**DENIED**

## <u>MEMORANDUM OPINION</u>

Elisa A. Greenberg, Esquire, Elzufon Austin & Mondell, P.A., Attorney for Horizon Services, Inc. and Eastern Alliance Insurance Company.

Jonathan B. O'Neill, Esquire, Kimmel, Carter, Roman, Peltz & O'Neill, P.A., Attorney for Plaintiffs.

William A. Crawford, Esquire, Franklin & Prokopik, Attorney for Defendant The Cincinnati Insurance Company.

Patrick G. Rock, Esquire, Heckler & Fabrizzio, Attorney for Defendant State Farm Mutual Automobile Insurance Company.

**Rocanelli, J.**

Plaintiff John Henry was operating a motor vehicle in the course of his employment with Horizon Services ("Employer") when Henry was rear-ended by a third-party tortfeasor.[1] Henry injured his neck, back and right shoulder. Consistent with the worker's compensation no-fault scheme, Henry received worker's compensation benefits for his work-related injuries.

Eastern Alliance Insurance Company is Employer's workers' compensation carrier ("Comp Carrier"). According to Comp Carrier, more than $150,000.00 has been paid to Henry in workers' compensation benefits. Comp Carrier asserts a lien against any recovery by Henry ("Comp Lien").[2] The third-party tortfeasor was insured by Liberty Mutual with a policy limit of $50,000.00 per occurrence. Henry settled his liability claim with the tortfeasor and received the tortfeasor's $50,000.00 policy limit.[3] The settlement proceeds were paid to the Comp Carrier towards satisfaction of the Comp Lien.[4]

---

[1] The motor vehicle accident took place on September 29, 2015. Henry's wife, Darlene, seeks recovery for loss of consortium.

[2] Reimbursement of a workers' compensation lien from a third-party settlement recovery is addressed in 19 *Del. C.* § 2363(e).

[3] The third-party claim was resolved on or about January 11, 2018.

[4] The lien is reduced by the full $50,000 recovered because the Comp Carrier is responsible for the reasonable attorneys' fees and costs pursuant to 19 *Del C.* § 2363(f). Proportionately, Comp Carrier is responsible for the entire cost of reasonable expenditures because Comp Carrier received the entire benefit of the policy limits. *See Johnson v. State*, 2020 WL 7861339 (Del. Super. Dec. 31, 2020).

In this lawsuit, Henry seeks recovery from the insurance companies providing underinsured motorist ("UIM") coverage. Employer's vehicle was insured under a policy with Cincinnati Insurance Company ("CIC") which included UIM coverage with limits of $1,000,000.00 per accident. Henry had an automobile policy with State Farm Mutual Automobile Insurance Company ("State Farm") which also provided UIM coverage. Henry has made claims for UIM coverage under Employer's policy as well as his own policy.[5] (The UIM insurance company defendants are referenced collectively as "UIM Carriers.")

In a Memorandum Opinion issued July 31, 2018, this Court granted CIC's motion to dismiss. This Court found that the applicable version of the workers' compensation statute was the version of the statute in effect on the date of the accident, September 29, 2105.[6] Relying on the Delaware Supreme Court's decision

---

[5] On March 12, 2018, Henry and his wife, Darlene Henry, filed this lawsuit seeking underinsured motorist benefits from CIC. On December 20, 2018, Henry and his wife also filed suit for UIM benefits from their own automobile insurer in C.A. No. 18C-12-226-JRJ. By Order dated March 11, 2020, these two lawsuits arising from the same automobile accident were consolidated.

[6] The legislature amended the workers' compensation statute in response to a decision of the Superior Court in *Simpson v. State*, 2016 WL 425010 (Del. Super. Jan. 28, 2016), where the Superior Court ruled, in an issue of first impression, that an employee who accepts workers' compensation may not also accept UIM benefits where the employer is self-insured for purposes of UIM coverage. In response to *Simpson*, the legislature amended the exclusivity clause of the WCA. The post-amendment version of the WCA's exclusivity clause states:

> Except as expressly included in this chapter and *except as to uninsured motorist benefits, underinsured motorist benefits, and personal injury*

2

in *Robinson v. State*,[7] this Court ruled (i) that the pre-amendment version of the workers' compensation statute applied and (ii) under the exclusivity clause of the pre-amendment version, Henry is prohibited from receiving both workers' compensation benefits and UIM benefits under Employer's UIM insurance policy.[8] The Delaware Supreme Court reversed, holding that the exclusivity provision of the workers' compensation statute does not prevent an employee from receiving UIM benefits provided by an automobile liability policy from a third-party insurance company purchased by the employer.[9] This lawsuit was reinstated on remand by the Delaware Supreme Court.[10]

The pending motion to intervene turns on whether Comp Carrier may satisfy the Comp Lien with benefits paid to Henry from UIM insurance coverage purchased by Henry and by Henry's Employer. Henry and the UIM Carriers oppose the motion

---

*protection benefits*, every employer and employee, adult and minor, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.

19 *Del. C.* § 2304 (effective Sept. 6, 2016) (emphasis added).

[7] 176 A.3d 1274 (Del. 2017).

[8] *Simpson*, 2017 WL 425010, at *4.

[9] *Henry v. Cincinnati Ins. Co.*, 212 A.3d 285, 287 (Del. 2019).

[10] This case was reopened June 27, 2019; an Answer was filed September 26, 2019; and a Trial Scheduling Order was issued October 22, 2019. Trial is scheduled for July 19, 2021.

to intervene on the grounds that the Comp Lien may not be asserted against this UIM coverage. This is the Court's decision on the motion to intervene.

## DISCUSSION

Comp Carrier asserts a "right" of intervention[11] based on its claim of a statutory right to assert a lien for workers' compensation benefits paid to Henry.[12]

---

[11] Comp Carrier's motion asserts intervention as a matter of right under Rule 24(a) which provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene; or (2) when an applicant claims an interest relating to the property or transaction which is the subject matter of the action and the application is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Super. Ct. Civ. R. 24(a).

[12] *See* 19 *Del. C.* § 2363(e). Section 2363(e) provides:

> In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or the employee's dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workers' compensation insurance carrier for any amounts paid or payable under the Workers' Compensation Act to date of recovery, and the balance shall forthwith be paid to the employee or the employee's dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits, except that for items of expense which are precluded from being introduced into evidence at trial by § 2188 of Title 21, reimbursement shall be had only from the third-party liability insurer and shall be limited to the maximum amounts of the third party's liability insurance coverage available for the injured party, after the injured party's claim has been settled or otherwise resolved.

4

Neither statutory law nor decisional precedent supports Comp Carrier's assertion of the Comp Lien against recovery by Henry of UIM coverage.[13]  For the reasons set forth below, the motion for intervention must be denied.

> **A.**  **Employer and Comp Carrier do not have a right to intervene because there is no statutory right to assert a lien against UIM coverage.**

According to the decisions of the Delaware Supreme Court in *Simendinger v. National Union Fire Insurance Co.*,[14] and *Adams v Delmarva Power & Light Co.*,[15] a workers' compensation carrier does not have a lien against proceeds recovered for UIM benefits.  Although *Adams* and *Simendinger* preceded *Henry*, neither case was overruled by the Court in *Henry*.[16]  *Adams* and *Simendinger* are still good law.

In *Adams*, a 1990 decision of the Delaware Supreme Court, the Court concluded that an employer is not entitled to a lien for workers' compensation benefits against an employee's own underinsured motorist insurance coverage.[17]

---

19 *Del. C.* § 2363(e).

[13] Comp Carrier argued at oral argument that the Court should look to the legislative purposes underlying the amendment to 19 *Del. C.* § 2304 to determine if Comp Carrier has a "right" of intervention.  However, the statute is not ambiguous; accordingly, a review of the legislative purpose is not necessary or appropriate. *See Progressive N. Ins. Co. v. Mohr*, 47 A.3d 492, 496–97 (Del. 2012) (reiterating that if a statute is ambiguous that "the interpretation that best furthers the legislative purposes underlying the [] statutory scheme must prevail").

[14] *Simendinger v. National Union Fire Ins. Co.*, 74 A.3d 609 (Del. 2013).

[15] *Adams v. Delmarva Power & Light Co.*, 575 A.2d 1103 (Del. 1990).

[16] *See Henry*, 212 A.3d 285.

[17] *Adams*, 575 A.2d at 1107.

More recently, in the Court's 2013 decision in *Simendinger*, the Delaware Supreme Court reaffirmed its holding in *Adams* that a worker's compensation lien may not be asserted against UIM benefits, even where, as in *Simendinger*, the coverage was procured by the employer. *Simendinger* therefore extended the *Adams* holding from UIM benefits procured personally by the injured worker to UIM benefits purchased by the employer.[18] Accordingly, decisional law is settled. A worker's compensation lien may not be asserted against recovery from UIM benefits regardless of whether that insurance coverage is secured by an employee or an employer. Therefore, since neither Employer nor Comp Carrier has a lien against UIM benefits paid to Henry, neither has a statutory right to intervene in this action.

**B.      The UIM Carriers do not "step into the shoes of the alleged tortfeasor" except to the extent that fault by the alleged tortfeasor must be established.**

Against this back-drop of well-settled law that a worker's compensation carrier may not assert a lien against UIM benefits, the Delaware Supreme Court issued its decision in this case. As noted, the Court did <u>not</u> overturn *Adams* or *Simendinger*. Instead, the *Henry* Court, without addressing whether the pre-amendment or post-amendment version of the exclusivity clause applied, held that the worker's compensation insurer is not an "employer" under the workers'

---

[18] *Simendinger*, 74 A.3d at 612.

compensation statute and is therefore not entitled to the exclusivity clause which applies to employers.[19]

Nevertheless, in *dicta*, the Court stated that the UIM insurance company "steps into the shoes of the alleged tortfeasor."[20] Comp Carrier has seized on this *dicta* to argue "[a]s Defendant now stands in the shoes of an independent third party liability carrier, personal injury damages payable to Mr. Henry are subject to the Intervenors' workers' compensation lien under 19 *Del. C.* § 2363."[21]

However, a careful reading of the decisional law does not support Comp Carrier's position. Instead, the Delaware Supreme Court addressed burdens of proof and the requirement to establish fault. Specifically, when it referenced "stepping into the shoes" of an alleged tortfeasor in *Henry*, the Court cited *Progressive Northern Insurance Co. v. Mohr*[22] which presented an issue of first impression in Delaware.[23] In *Progressive Northern Insurance Co.*, the Court held that the personal injury protection ("PIP") statute must be construed to require PIP coverage for a pedestrian struck on a Delaware road by a driver insured in any state, including a Delaware insured driver.[24] The phrase at issue appeared in the dissent of then-Chief

---

[19] *Henry*, 212 A.3d at 289–90.
[20] *Id.* at 290.
[21] Mot. to Intervene ¶ 12.
[22] *Progressive N. Ins. Co.*, 47 A.3d 492.
[23] *Id.* at 495.
[24] *Id.* at 502.

7

Justice Steele who rejected the majority's holding, stating the majority's attempt to analogize mandated no-fault coverage to mandated fault coverage ignored the distinction between the two.[25] According to the reasoning in the dissent, a distinction is necessary because, unlike UIM coverage that requires proving duty, breach, causation and damages, PIP coverage is a no-fault scheme which provides benefits in addition to those afforded by the standard automobile coverage.[26] The dissent used this distinction to explain that, when making a claim for UIM coverage, the insurance company "stands in the shoes of the other driver and the person making the claim must prove *fault*."[27]

Thus, *Henry* did not overrule *Adams* or *Simendinger* when the Court stated that the UIM insurance company "steps into the shoes of the alleged tortfeasor." Rather, the Court merely emphasized that, as is true for a direct claim against a third-party tortfeasor, fault by the alleged third-party tortfeasor must be established before UIM insurance will provide benefits for a claim over and above the insurance policy limits of the third-party tortfeasor. Accordingly, Comp Carrier has no right to assert its Comp Lien against any recovery against UIM benefits that might be achieved by

---

[25] *Id.* at 503.
[26] *See id.* at 504.
[27] *Id.* at 504 n.55 (emphasis added).

Henry in this lawsuit and, therefore, intervention would merely complicate this lawsuit by introducing an additional set of unrelated claims.

## CONCLUSION

For the reasons stated herein, this Court finds that there is no statutory right of recovery for a worker's compensation lien against UIM insurance coverage. Accordingly, Comp Carrier has no right to intervene pursuant to Rule 24(a). Where, as here, there is no right to recovery, intervention would be futile and distracting. Thus, Employer and Comp Carrier's motion to intervene must be denied.

**NOW, THEREFORE, this 19th day of April 2021, the Motion to Intervene by Horizon Services, Inc. and Eastern Alliance Insurance Company is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**